**James Carl HIGGS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

June 10, 1977.

---

Jack Emory Farley, Public Defender, William M. Radigan, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

 

PER CURIAM.

Appellant was convicted on the charge of larceny and sentenced to three years' imprisonment.

He contends that the court erred by permitting the Commonwealth to call to the stand a co-indictee, Glenda Lenori, and ask her:

> "On the night of July 1, 1974, in Nicholasville, Kentucky, you saw the blue light of a Nicholasville cruiser, did the defendant, James Carl Higgs, state to you that he had ripped off a store in Lancaster, Kentucky?"

> The witness replied:

> "I refuse to answer on the grounds that it might incriminate me."

When the Commonwealth proposed calling Glenda Lenori as a witness, defendant objected, and reminded the court that she was a co-indictee and compelling her to testify would be a violation of her constitutional rights against self-incrimination.

Under a somewhat similar set of facts the court held in *Douglas v. Alabama,* 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965), that the confrontation clause of the Sixth Amendment of the United States Constitution was applicable since the defendant could not cross-examine the witness who invoked the protection of the Fifth Amendment. The court stated that the witness' ". . . reliance upon the privilege created a situation in which the jury might improperly infer both that the statement had been made and that it was true." Obviously if appellant told Glenda Lenori that he "ripped off" a store in Lancaster, the statement would be most damaging to his defense. With the jury's tendency to accept as true a statement unanswered by a witness who invokes the Fifth Amendment privilege, together with the defendant's inability to cross-examine the witness, defendant is unduly prejudiced. In the present case, although there was ample competent evidence to support a verdict of guilty, the evidence was entirely circumstantial and not so overwhelming as to render the error nonprejudicial. And the error was compounded by the prosecutor's awareness that appellant would invoke the privilege.

The judgment is reversed and remanded for a new trial.

All concur.